[No. 4488.   Decided April 27, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. E. DUNHAM, *Appellant.*

PHYSICIANS — PRACTICING WITHOUT LICENSE — SUFFICIENCY OF EVIDENCE.

In a prosecution for practicing medicine without a license a conviction was unwarranted, where the only evidence thereof was the advertisement in a newspaper as a doctor of a person of the same name as defendant, since the jury would not be justified in inferring therefrom, as against the presumption of innocence, either that the advertisement was authorized by defendant or that he was the person named therein.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge.  Reversed.

*Martin & Grant,* for appellant.

*N. T. Caton,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

FULLERTON, C. J.—The appellant was convicted in the superior court of Lincoln county of the misdemeanor of having practiced medicine without a license, and sentenced to pay a fine of one hundred dollars and the costs of the prosecution.  From the judgment and sentence he appeals.

While many errors are assigned for reversal, we have found it necessary to notice but one, namely, that the evidence was insufficient to justify a verdict of guilty. The acts constituting the practice of medicine charged against the appellant were that, at a certain time and place, he "did wrongfully and unlawfully establish and maintain an office, and advertise the title of doctor" in a certain newspaper. Of these acts there is no evidence in the record whatever. No attempt at all was made to prove that the defendant maintained an office, and the only evidence introduced as to the other fact was the following (we quote from the record):

"In the absence of witness a paper containing the following 'ad.' introduced. The Creston News of September 20, 1901.

'Dr. E. Dunham. Special attention given to heart and lungs. Consultation free. Office at Drug Store. Creston, Wash.' "

Clearly, there is here no proof of the crime charged. As against the presumption of innocence, it cannot be presumed from the mere fact that the advertisement appeared in a paper that it was authorized by the appellant, nor will it be presumed that he was the person named in the advertisement, though the name therein and his name be the same. Without the aid of such presumptions, there is no evidence in the record of guilt, and hence no evidence upon which a jury could found a verdict of guilty.

The judgment is reversed, and the cause remanded, with instructions to discharge the defendant.

ANDERS, DUNBAR and MOUNT, JJ., concur.